# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**THOMAS M. TULLY,**

      Petitioner,

v.                                                                                      Civil Action No. **3:10CV299**

**GENE JOHNSON,**

      Respondent.

## MEMORANDUM OPINION

Thomas M. Tully ("Tully"), a Virginia prisoner, filed this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the County of Frederick ("Circuit Court") for breaking and entering with intent to commit assault and battery, malicious wounding, misdemeanor assault and battery, and two counts of maliciously causing bodily injury by caustic substance. By Memorandum Opinion and Order entered on February 23, 2011, the Court dismissed the action. *Tully v. Johnson*, 3:10CV299, 2011 WL 744644, at *11 (E.D. Va. Feb. 23, 2011). The Court found that all of Tully's claims for relief were procedurally defaulted. *Id.* at *6. The United States Court of Appeals for the Fourth Circuit denied Tully a certificate of appealability and dismissed his appeal. *Tully v. Johnson*, No. 11-6362, 2011 WL 3873842, at *1 (4th Cir. Sept. 2, 2011). The matter is before the Court on Tully's motions under Federal Rule of Civil Procedure 60(b) challenging the Court's February 23, 2011 decision.[1]

On October 18, 2011, the Court received Tully's Motion to Vacate under Rule 60(b). On October 20, 2011, the Court received Tully's Motion to Amend his Motion to Vacate. In those

---

[1] Because Tully's Rule 60(b) motions focus on the Court's application of a procedural bar to his § 2254 Petition, the motions are not successive 28 U.S.C. § 2254 petitions. *Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005)).

motions Tully argues the Court committed a legal error in denying his petition for a writ of

habeas corpus. Because Tully argues "that the Court committed a mistake of law, Rule 60(b)(1)

applies." *Johnson*, 2010 WL 1172646, at *1 (*citing Taylor v. Va. Dep't Transp.*, 170 F.R.D. 10,

11 (E.D. Va. 1996)). "Rule 60(b)(1) motions asserting legal mistake as a ground for relief must

be filed before the time to appeal had elapsed." *Id.* (*citing Moeller v. D'Arrigo*, 163 F.R.D. 489,

493 (E.D. Va. 1995)); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may

not substitute for a timely appeal." (*citing Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d

291, 294 (6th Cir. 1989)). Because Tully filed his Rule 60(b) motions well after the time for

appeal had elapsed, they are untimely. Accordingly, Tully's Motion to Vacate (Docket No. 49)

and Motion to Amend Motion to Vacate (Docket No. 50) will be DENIED. Furthermore, Tully's

Motion for Appointment of Counsel (Docket No. 51) and Motion for Oral Argument (Docket

No. 52) will be DENIED.[2]

An appropriate Order shall accompany this Memorandum Opinion.

/s/_____
James R. Spencer
United States District Judge

Date: *1-12-12*
Richmond, Virginia

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge
issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue
unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether
(or, for that matter, agree that) the petition should have been resolved in a different manner or
that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).
No law or evidence suggests that Tully is entitled to further consideration in this matter. A
certificate of appealability will therefore be DENIED.

2