IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS M. TULLY,

    Petitioner,

v.                                           Civil Action No. 3:10CV299

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Thomas M. Tully ("Tully"), a Virginia prisoner, filed this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the County of Frederick ("Circuit Court") for breaking and entering with intent to commit assault and battery, malicious wounding, misdemeanor assault and battery, and two counts of maliciously causing bodily injury by caustic substance. By Memorandum Opinion and Order entered on February 23, 2011, the Court dismissed the action. *Tully v. Johnson*, 3:10CV299, 2011 WL 744644, at *11 (E.D. Va. Feb. 23, 2011). The Court found that all of Tully's claims for relief were procedurally defaulted. *Id.* at *6. The United States Court of Appeals for the Fourth Circuit denied Tully a certificate of appealability and dismissed his appeal. *Tully v. Johnson*, 445 F. App'x 713, 713 (4th Cir. 2011). By Memorandum Opinion and Order entered on January 13, 2012, the Court denied Tully's motions under Federal Rule of Civil Procedure 60(b) challenging the Court's February 23, 2011 decision. On January 17, 2012 and January 25, 2012, the Court received two more motions under Rule 60(b) from Tully.[1]

---

[1] Because Tully's Rule 60(b) motions focus on alleged procedural errors in the Court's resolution of Tully's § 2254 Petition, the motions are not successive 28 U.S.C. § 2254 petitions. *Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005)).

In his Rule 60(b) Motions Tully argues the Court committed a legal error in resolving his petition for a writ of habeas corpus. Because Tully argues "that the Court committed a mistake of law, Rule 60(b)(1) applies." *Johnson*, 2010 WL 1172646, at *1 (*citing Taylor v. Va. Dep't Transp.*, 170 F.R.D. 10, 11 (E.D. Va. 1996)). "Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal had elapsed." *Id.* (*citing Moeller v. D'Arrigo*, 163 F.R.D. 489, 493 (E.D. Va. 1995)); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal." (*citing Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Because Tully filed his Rule 60(b) motions well after the time for appeal expired, they are untimely. Accordingly, Tully's Motion to Amend Motion to Vacate (Docket No. 55) and Motion to Reconsider (Docket No. 56) will be DENIED.[2]

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4-13-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Tully is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.